Michael F. Pezzulli
Texas Bar No. 15881900
Michael@courtroom.com
Pezzulli Barnes, LLP
17300 Preston Road, Suite 220
Dallas, Texas 75252
972.713.1300
972.713.1333 fax
Counsel for Defendant,
George D. Ringer

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| GEORGE D. RINGER AND MARY C. RINGER | § § § | |
| Debtors. | § § | CASE NO. 10-38013 (CHAPTER 7) |
| SOLAR SOCCER CLUB, | § § | |
| Plaintiff, | § § | |
| v. | § § | ADV. NO. 11-3072 |
| GEORGE D. RINGER | § § § | |
| Defendant. | § § | |

DEFENDANT G. DAVID RINGER'S
MOTION TO COMPEL DISCOVERY AND BRIEF IN SUPPORT

## **TABLE OF CONTENTS**

I. Introduction..................................................................................................................1

II. Background..................................................................................................................1

      A.    Solar Soccer's Lawsuit &
           David Ringer's Defenses..............................................................................1

      B.    Ringer's Discovery Requests &
           Solar Soccer's Refusal to Meet Its Obligations........................................2

      C.    The Parties' Discussions..............................................................................2

III. Standards.....................................................................................................................3

      A.    Discovery......................................................................................................3

      B.    A Stay Related to an Indictment..................................................................5

IV. The Court should compel Solar Soccer to comply.....................................................5

      A.    The June 8 indictment is no reason to
           excuse Solar Soccer from discovery............................................................5

      B.    Ringer never agreed not to engage in discovery,
           and Solar's unsupported suggestion about its financial
           condition don't excuse it from discovery in a
           lawsuit it filed.............................................................................................6

      C.    The Court should compel the following discovery.....................................6

           1.    Rule 26 Disclosures..........................................................................6

           2.    Ringer's First RFPs (Tab 5A)..........................................................7

           3.    Ringer's First Set of Interrogatories (Tab 5B).................................9

           4.    Ringer's Second RFPs (Tab 5D)....................................................10

           5.    Ringer's Second Set of Interrogatories (Tab 5E)...........................10

      D.    The boldness and magnitude of Solar Soccer's misconduct shouldn't
           excuse its misconduct................................................................................11

V. Conclusion & Prayer for Relief..................................................................................11

# TABLE OF AUTHORITIES

*Alcala v. Texas Webb County*,
    625 F. Supp. 2d 391 (S.D. Tex. 2009)..................................................................5

*American Fast Freight, Inc. v. National Consolidation & Distribution, Inc.*,
    No. C07-716BHS, 2008 WL 191201
    (W.D. Wash. Jan. 22, 2008)..................................................................................4

*Brown v. Napolitano*, No. 09-40921, 2010 WL 3075372,
    391 Fed. Appx 346 (5th Cir. Aug. 6, 2010)..........................................................4

*In re Carney*, 258 F.3d 415 (5th Cir. 2001).......................................................................4

*Eastern Poultry Distributors, Inc.*, No. 3:09-CV-1578-M,
    2008 WL 2852404 (N.D. Tex. July 14, 2008)......................................................4

*FDIC v. LeGrand*,
    43 F.3d 163 (5th Cir. 1995)...................................................................................4

*Ntakirutimana v. CHS-Community Health Systems, Inc.*, No. 5:09-CV-114,
    2010 WL 3810007 (S.D. Tex. Sept. 27, 2010)......................................................5

*In re Paige*, No. 04-20147-RLJ-7, 2008 WL 859001
    (Bankr. N.D. Tex. Mar. 28, 2008).........................................................................5

*Plan Pros., Inc. v. Torczon*, No. 08CV136, 2009 WL 3063017
    (D. Neb. Sept. 18, 2009).......................................................................................4

*SEC v. First Fin. Group of Texas, Inc.*,
    659 F.2d 660 (5th Cir. 1981).................................................................................5

*SEC v. Huff*, No. 08-60315-CIV,
    2010 WL 228000 (S.D. Fla. Jan. 13, 2010)..........................................................4

*Wehling v. Columbia Broadcasting Sys.*,
    608 F.2d 1084 (5th Cir. 1980)..............................................................................5

## RULES, CODES, AND OTHERS

Fed. R. Bankr. P. 7026........................................................................................................3

Fed. R. Civ. P. 26(a)(1)(A)...............................................................................................11

Fed. R. Civ. P. 26(b)(1).......................................................................................................3

Fed. R. Civ. P. 33..................................................................................................4

Fed. R. Civ. P. 34...............................................................................................3, 4

Fed. R. Civ. P. 34(a)(1)(A)....................................................................................3

Fed. R. Civ. P. 36 (a)(1)(A)...................................................................................4

Fed. R. Civ. P. 37(a)(1) & (3)................................................................................4

Fed. R. Civ. P. 37(a)(1) & (4)................................................................................4

Fed. R. Civ. P. 37(a)(5).........................................................................................4

## I. Introduction

Plaintiff Solar Soccer Club accuses Defendant G. David Ringer of stealing $800,000 during his time as an officer and director of the youth-soccer club. But Solar has violated its Rule 26 obligations by failing to make its initial disclosures. Solar Soccer has further violated Rules 26, 33, and 34 by refusing to respond to requests for production, which ask for basic financial and operational records and communications, or answer interrogatories, which ask for basic information about the club and its contacts or meetings with law-enforcement officials or the Dallas County District Attorney's Office. On June 8, a Dallas County grand jury returned an indictment against Ringer. Because Solar Soccer has no grounds to violate the discovery rules and because the indictment against Ringer and Solar's status as a non-profit organization don't excuse Solar from its discovery obligations, the Court should grant Ringer's motion and compel Solar to respond to his discovery requests.

## II. Background

### A. Solar Soccer's Lawsuit & David Ringer's Defenses

On February 11, 2011, Solar Soccer Club filed this adversary suit against David Ringer, accusing him of fraud in the administration of the club and misappropriating $800,000 without the club's knowledge. Solar seeks to block the discharge of Ringer's debts. In addition to denying any misconduct, Ringer contends that other club officers and directors, including President Mark Scholten, participated in key decisions about the club's operations, knew about his work for the club and the related compensation, and knew that all payments to him and his law firm were reported in the club's records and federal tax returns, including its Form 990s.

**B.      Ringer's Discovery Requests & Solar Soccer's Refusal to Meet Its Obligations**

On April 13, Ringer asked Solar for a copy of its tax returns, and the club promised to produce them (Tab 3, APP006-007). Solar produced PDF files just after 1:30 p.m., Wednesday, June 15, which appear to be at least some of Solar's Form 990s.

On May 6, Ringer produced his initial disclosures under Rule 26.[1] In contrast, Solar didn't produce its initial disclosures.

On May 11, Ringer served Solar with basic discovery, including requests for the club's records, tax returns, and QuickBooks, and he asked interrogatories about the club's officers, directors, their duties, the club's calculations of payments that it contends Ringer wrongfully received, the club's description of property and records it contends Ringer wrongfully destroyed, and the loans that the club contends Ringer wrongfully caused the club to incur (Tabs 5A & 5E, APP015-068). Just before 9:00 a.m., Wednesday, June 8, Solar asked for a seven-day extension to respond to Ringer's discovery requests (Tab 6, APP069-072). Later on June 8, a Dallas County grand jury indicted Ringer on charges of theft and misappropriation of funds. On Friday, June 10, Solar again asked for a seven-day extension (Tab 6, APP069-072). But on Monday, June 13, Solar announced its intention to file a motion to stay the case and its refusal to respond to all discovery other than Ringer's RFAs (Tab 7, APP073-074).

**C.      The Parties' Discussions**

At pages 2–3 of its motion to stay, Solar Soccer states that the parties discussed trying to promptly resolve the case in light of Solar's status as a non-profit organization and Ringer's

---

[1] Because Solar Soccer Club has withheld its tax returns and other business records in violation of Rule 26 and its April 13, 2011 email, which promised the documents' production, Ringer was unable to designate his experts under the current scheduling order.

**Defendant G. David Ringer's Motion to Compel Discovery and Brief in Support**                                 **Page 2**

Chapter 7 bankruptcy.[2] Solar Soccer then contends that Ringer's conduct in trying to comply with Rule 26 and take discovery has been inconsistent with the parties' understanding. But, to the contrary, Ringer never agreed that he wouldn't defend himself and believes that Solar has an obligation to comply with Rule 26 and to respond properly and completely to reasonable discovery—like producing the club's books & records, tax returns, a list of its officers and directors, and its calculation of how it contends that Ringer misappropriated $800,000. Solar Soccer hasn't made a minimal showing or produced any evidence that Ringer committed any wrongdoing, misappropriated any money, or took any significant action that Solar's board of directors, President Mark Scholten, Vice President Sandra Shephard, or others didn't know about, or shouldn't have known about. By "prompt resolution," Solar apparently means an agreement that Ringer pay $800,000. Solar Soccer's conduct in unilaterally excusing itself from discovery rules and withholding discoverable material is inconsistent with any reasonable understanding of litigation and meeting its burden of proof on its claims for over $800,000, plus attorney's fees.

### III. Standards

**A.    Discovery**

A party may obtain discovery regarding any non-privileged matter that is relevant to any party's claims or defenses, including the existence, description, and copies of documents[3] and

---

[2] *See* Plaintiff's Motion to Stay, 2-3 (filed June 13, 2011) (doc 8).

[3] *See* Fed. R. Bankr. P. 7026; Fed. R. Civ. P. 26(b)(1) ("Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."); Fed. R. Civ. P. 34 (allowing for requests for production of documents).

**Defendant G. David Ringer's Motion to Compel Discovery and Brief in Support**          Page 3

electronic and magnetic data.[4] A party may request documents, like tax returns,[5] and electronic data, like QuickBooks records;[6] it may ask questions through interrogatories;[7] and it may ask an opponent to admit or deny propositions of facts, the application of law to fact, or opinions about either.[8]

An aggrieved party may file a motion to compel a party to make Rule 26 disclosures, answer an RFP, or answer an interrogatory.[9]

A court may compel a party to answer—and not only answer, but answer completely and without evasion.[10] A court may also award costs, which an aggrieved party incurs in obtaining another's compliance with discovery obligations.[11]

---

[4] *See* Fed. R. Civ. P. 34(a)(1)(A) (". . . . an other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form . . . .").

[5] *See* Fed. R. Civ. P. 34; *FDIC v. LeGrand*, 43 F.3d 163, 165-170 (5th Cir. 1995) (affirming a civil contempt enforcement of an order for a party to produce his income-tax returns); *Brown v. Napolitano*, No. 09-40921, 2010 WL 3075372, *1, 391 Fed. Appx 346, 348 (5th Cir. Aug. 6, 2010) (unpublished) (noting that the USCIS requested a party's federal income-tax return and copies of a person's I-20s); *American Fast Freight, Inc. v. National Consolidation & Distribution, Inc.*, No. C07-716BHS, 2008 WL 191201, *1 (W.D. Wash. Jan. 22, 2008) (unpublished) (noting that the court had earlier ordered a party to product its QuickBooks "accounting data file").

[6] *See* Fed. R. Civ. P. 34(a)(1)(A); *SEC v. Huff*, No. 08-60315-CIV, 2010 WL 228000, *4 (S.D. Fla. Jan. 13, 2010) (unpublished) (ordering a party to produce its QuickBooks records); *Plan Pros., Inc. v. Torczon*, No. *;08CV136, 2009 WL 3063017, *5-6 (D. Neb. Sept. 18, 2009) (unpublished) (compelling a party to produce responsive financial records in the original QuickBooks format). *American Fast Freight, Inc. v. National Consolidation & Distribution, Inc.*, No. C07-716BHS, 2008 WL 191201, *1 (W.D. Wash. Jan. 22, 2008) (unpublished) (noting that the court had earlier ordered a party to product its QuickBooks "accounting data file").

[7] *See* Fed. R. Civ. P. 33.

[8] *See* Fed. R. Civ. P. 36 (a)(1)(A); *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001); *Eastern Poultry Distributors, Inc.*, No. 3:09-CV-1578-M, 2008 WL 2852404, *4 & n.1 (N.D. Tex. July 14, 2008) (unpublished).

[9] *See* Fed. R. Civ. P. 37(a)(1) & (3).

[10] *See* Fed. R. Civ. P. 37(a)(1) & (4).

[11] *See* Fed. R. Civ. P. 37(a)(5).

### B.    A Stay Related to an Indictment

Although no rule bars simultaneous, parallel civil and criminal actions against the same defendant, a court has the discretion to stay a civil case in the face of a related criminal case.[12] A court generally considers six factors, including the relatedness of the two actions, the criminal case's status, the plaintiff's private interests in proceeding expeditiously versus the prejudice in delaying, the court's interest, and the public's interest.[13] In general, however, a stay is predicated on protecting a defendant's Fifth Amendment privilege against compelled self-incrimination.[14]

## IV. The Court should compel Solar Soccer to comply.

### A.    The June 8 indictment is no reason to excuse Solar Soccer from discovery.

First, any stay should be crafted to protect Ringer's Fifth Amendment right against compelled self-incrimination.[15] Solar Soccer cites no authority or reason that it may ask for a stay of its own civil suit on the grounds of an indictment against another person.

Second, Solar Soccer's argument is improper on its face. At page 3 of its motion to stay, it states, "During the period of the stay, the Parties should be ordered to work towards a prompt resolution of the dispute and discuss the pendency of this action with the Dallas District Attorney's office."[16] In addition to being facially improper, Solar's argument has the key propositions backwards. Solar has accused Ringer of stealing $800,000 from a youth soccer

---

[12] See *Ntakirutimana v. CHS-Community Health Systems, Inc.*, No. 5:09-CV-114, 2010 WL 3810007, *1 (S.D. Tex. Sept. 27, 2010) (unpublished) (citing *SEC v. First Fin. Group of Texas, Inc.*, 659 F.2d 660, 666-67 (5th Cir. 1981)).

[13] See *Ntakirutimana*, No. 5:09-CV-114, 2010 WL 3810007, at *1-2 (citing *Alcala v. Texas Webb County*, 625 F. Supp. 2d 391, 398-400 (S.D. Tex. 2009)).

[14] See, e.g., *In re Paige*, No. 04-20147-RLJ-7, 2008 WL 859001, *1-2 (Bankr. N.D.Tex. Mar. 28, 2008) (unpublished).

[15] See, e.g., *Wehling v. Columbia Broadcasting Sys.*, 608 F.2d 1084, 1088-89 (5th Cir. 1980).

[16] Plaintiff's Motion to Stay, 3 (filed June 13, 2011) (doc 8).

**Defendant G. David Ringer's Motion to Compel Discovery and Brief in Support**    Page 5

organization. What the Court should do now is compel Solar to properly respond to discovery so that Ringer may defend himself.

**B.   Ringer never agreed not to engage in discovery, and Solar's unsupported suggestion about its financial condition don't excuse it from discovery in a lawsuit it filed.**

Noting that Solar Soccer is a "non-profit youth soccer organization,"[17] the club asserts that it has "limited assets"[18] and suggests that it is poor and, therefore, should, apparently, be excused from discovery. But, first, no evidence shows the club's financial condition (in fact, the club refuses to produce such information), and no evidence supports the suggestion that the club is financially unable to conduct this litigation. Second, the club cites no authority for the proposition that a non-profit organization should be excused from discovery in its own lawsuit solely by virtue of its being a non-profit organization. In fact, Solar Soccer still raises revenues, and it doesn't pay income taxes. Courts routinely require poor or *pro se* party plaintiffs to proceed with their own lawsuits. Third, it would be unfair to permit Solar Soccer to make its damaging allegations against Ringer—that he "stole" or "misappropriated" $800,000—and talk to the press and television, which it has done, and then excuse it from having to meet its discovery and litigation obligations. Fourth, the club's allegations and claims trigger Ringer's right to defend himself, and the club's status as a non-profit organization doesn't compromise his rights.

**C.   The Court should compel the following discovery.**

**1.   Rule 26 Disclosures**

A party must provide a list of individuals who are likely to have discoverable information, a copy or description of documents and electronically stored information that it may

---

[17] *See* Plaintiff's Motion to Stay, 2 (filed June 13, 2011) (doc 8).

[18] *Id.*

**Defendant G. David Ringer's Motion to Compel Discovery and Brief in Support**   Page 6

use to support its claim or defenses, and a computation of each category of damages claimed by the party.[19] A party must do this "without awaiting a discovery request."[20] Here, the Court has entered its first scheduling order, and Ringer has made his initial Rule 26 disclosures (Tab 4, APP008-014). Solar Soccer offers no valid reason to violate its Rule 26 obligations—not that Rule 26's language affords room for any such reason. The Court should use its power under Rule 37(a)(3)(A) to compel Solar Soccer to make its initial disclosures.

### 2. Ringer's First RFPs (Tab 5A, APP015-059)

In his first RFPs, Ringer asks for basic documents, including Solar's (1) financial records, tax returns, and Form 990s and supporting schedules, for 1996 to 2010, (2) general ledger and QuickBooks, (3) audits and other reports, (4) records of all payments, which total over $500 to a recipient, made by Solar, by year (for 1996 to the present), to Ringer, Ringer's law firm, President Mark Scholten, a director, an officer, or an attorney, accountant, or other professional for the club, (5) records that show that Solar paid or transferred $800,000 to Ringer as it alleges in paragraphs 10 and 15 of its complaint, (6) copies of financial records and applications that Solar submitted to any bank or other creditor in applying for a loan or credit card, (7) records related to Solar's borrowings and its repaying principal or paying interest to a bank or creditor, including to Scholten or Scholten's family, or to other Solar insiders, (8) the club's communications with accountants, law-enforcement officers, and others about Ringer, his law firm, or its allegations that Ringer owes the club money or that he misappropriated money, (9) the club's communications with its board and officers about the club's operations, borrowings, budget, and audits, (10) the club's communications with t.v. stations or the media

---

[19] *See* Fed. R. Civ. P. 26(a)(1)(A).

[20] Fed. R. Civ. P. 26(a)(1)(A).

**Defendant G. David Ringer's Motion to Compel Discovery and Brief in Support**                                                                 **Page 7**

about Ringer or its allegations against Ringer, (11) records of the services that Ringer or his law firm provided the club, (12) records about the club's growth in terms of soccer teams and revenues between 1996 and the present, (13) copies of contracts between the club and Ringer, including ones in which he agreed to act without compensation, and (14) a copy of the board's minutes.

Each of these categories of documents and electronic data is relevant and discoverable. Ringer seeks the club's basic records, including its general ledger and tax returns. He seeks documents related to Solar's payments of at least $500 not only to him but to all insiders. He seeks documents that will shed light on how Solar calculates that Ringer allegedly misappropriated any money, much less $800,000. He seeks documents that will shed light on what the Board, President Mark Scholten, Vice President Sandra Shephard, and others knew or should have known. The club, for example, alleges at paragraph 11 of its complaint, that Ringer caused the club to borrow money without the club's knowledge. Upon information and belief, however, President Mark Scholten, his family, or his family's interests loaned hundreds of thousands of dollars to the club—which would be evidence that the Board and officers knew of the club's cash shortfalls, its business cycle, its need to borrow, and its actual borrowings. Ringer also seeks the club's communications with law-enforcement officers and other government officials. In light of the June 8 indictment, it is reasonable to assume that Solar or its representatives provided prosecutors with prosecution packages or other communications. Such documents are not privileged and are discoverable. The Court, thus, should compel Solar Soccer to fully and properly produce records and data.

3.    **Ringer's First Set of Interrogatories (Tab 5B, APP030-039)**

In his first interrogatories, Ringer asks the club to (1) identify Ringer's positions and offices with the club by date, (2) identify Mark Scholten's positions, (3) identify the club's officers and directors for each year since January 1, 2003 to the present, (4) briefly describe the duties of the club's president and Board of Directors, (5) identify each amount that Solar contends that Ringer improperly took from the club, (6) briefly describe the property that Solar contends that Ringer destroyed or failed to keep, (7) identify each person who had the understanding that Ringer worked for the club on a volunteer basis as the club alleges in paragraph 9 of its complaint, and (8) identify each loan, which the club alleges, in paragraph 11 of its complaint, that Ringer improperly caused the club to incur.

Again, each of these interrogatories seeks discoverable information. The club's officers and directors are key to Ringer's defense that the Board and its officers knew or should have known of the club's operations, finances, and the events about which the club now complains. Even a brief description of what the club contends were the duties of its Board and officers is significant in light of the club's RFA responses (Tab 8, APP075-082). For example, the Club denies that President Mark Scholten participated in the key decisions for the club, including decisions about its budget, borrowings, membership standards, membership fees, fundraising, and litigation. The club denies that the Board or President Scholten approved the club's budget or borrowings. The club denies that the Board or President Scholten had access to—that is, that each could read or review—the club's Form 990 (a Return of Organization Exempt from Income Tax) and supporting schedules or even the club's QuickBook records or data. The club likewise denies that Vice President Sandra Shephard has had access the club's records, tax returns, or

budgets. Ringer is entitled to explore these denials, and the Court should compel the club to fully and properly respond to Ringer's first interrogatories.

### 4. Ringer's Second RFPs (Tab 5D, APP053-060)

In light of the June 8 indictment, Ringer served a second set of RFPs on June 9. He asked for a copy of (1) the club's communications with any law-enforcement agency, the Dallas Police Department, the Dallas District Attorney's Office, or a U.S. Attorney's Office about Ringer or the allegations underlying the June 8 indictment, and (2) a document that lists, from January 1996 to the present, the persons involved in the club's day-to-day and long-term operations, whether as officers or employees. Again, this material is discoverable, and no privilege can exist between Solar or its attorneys, on the one hand, and a district attorney or police officer, on the other hand. Nonetheless, Solar has announced its intention not to comply with any discovery, other than Ringer's RFAs. The Court should, thus, compel Solar.

### 5. Ringer's Second Set of Interrogatories (Tab 5E, APP061-068)

Also in light of the June 8 indictment, Ringer served his second set of interrogatories on June 9. He asked Solar to (1) list each meeting that it or its representatives had with a law-enforcement agency, the Dallas Police Department, the Dallas District Attorney's Office, or a U.S. Attorney's Office, relating to Ringer, and to list the meeting's date, the attendees, and the topics discussed, and (2) identify each person acting for Solar, who has communicated with a law-enforcement agency, the Dallas Police Department, the Dallas District Attorney's Office, or a U.S. Attorney's Office, with regard to a suspicion of Ringer committing a crime or about any investigation of Ringer.

Again, this information is discoverable and, in fact, Solar Soccer is required to disclose the names of these individuals under Rule 26(a)(1)(A)(i). The Court should compel Solar to completely and properly respond.

### D. The boldness and magnitude of Solar Soccer's misconduct shouldn't excuse its misconduct.

In one of its early Monday, June 13 emails, Solar wrote of its intent to file a motion to stay based on the June 8 indictment (Tab 9, APP083-084). Solar also wrote, "We will be filing responses today to your requests for admission. We will not be responding to your remaining discovery." In one of its later June 13 emails, it wrote, "Solar does not intend to respond to the outstanding discovery until after that hearing [the July 18 hearing on Solar's motion to stay] and the Court's decision on the pending motion. Thereafter, Solar will respond to all such discovery and proceed with the litigation consistent with the rulings of this Court." (Tab 7, APP073-074). No doubt when Solar is unable to explain why it believed that it had the power to exempt itself from Rule 26 and its general discovery obligations—recall that Solar has no standing to ask for a stay on the basis of the June 8 indictment—or why it should not pay Ringer's expenses incurred in obtaining Solar's compliance under Rule 37(a)(5), Solar will say that it clearly pointed out that it wasn't going to respond to discovery. But this isn't an instance where one party tells another party that it isn't going to appear for a deposition and the other party appears and incurs costs for it anyway, this is a case where Ringer had to confer on this motion to compel, prepare and file it, and obtain a court order. Solar has no authority for ignoring its discovery obligations.

### V. Conclusion & Prayer for Relief

Solar Soccer has sued David Ringer for allegedly misappropriating $800,000 during his tenure with the youth-soccer club. Thus, Ringer has the right to defend himself, and Solar has the obligations to comply with Rule 26 and to respond to Ringer's reasonable discovery requests.

Instead, Solar has failed to make initial Rule 26 disclosures and refused to respond to Ringer's requests other than his RFAs. The June 8 indictment against Ringer and Solar's status as a non-profit organization don't exempt Solar from discovery rules. Solar offers no valid justification for withholding documents, data, and information that would allow Ringer to defend himself and explore what President Mark Scholten, Vice President Sandra Shephard, and the Board of Directors knew or should have known. Thus, the Court should compel Solar to respond properly and fully to Ringer's discovery requests.

Respectfully submitted,

MICHAEL F. PEZZULLI
State Bar No. 15881900
CHRISTOPHER L. BARNES
State Bar No. 00792175
**PEZZULLI BARNES, LLP**
17300 Preston Road, Suite 220
Dallas, Texas 75252
(972) 713-1300
(972) 713-1333 fax

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF CONFERENCE

Defendant G. David Ringer served his Rule 26 initial disclosures in April 2011, but Plaintiff Solar Soccer Club failed to make initial disclosures. Ringer then served his first set of discovery requests on May 11, 2011. On the morning of June 8, Solar Soccer asked for a seven-day extension to respond to discovery (or until June 20). Later on June 8, a Dallas County grand jury indicted Ringer on charges related to this case. On June 9, Ringer served his second set of discovery requests to learn about Solar's contacts with law-enforcement officials and the Dallas County District Attorney's Office. On June 10, Solar again asked for a seven-day extension. On June 13, Solar wrote that it intended to file a motion to stay based on the June 8 indictment. Solar also announced that it refused to respond to any discovery, except Ringer's first requests for admission. Later on June 13, Solar served responses to the RFAs and filed its motion to stay. Afterwards, Ringer's counsel conferred with Solar's counsel about Ringer's motion to compel discovery (Tab 10, APP085-087). Solar again announced its intention not to comply with its discovery obligations and not to respond to the rest of Ringer's discovery requests. Solar cited no authority that permits it to excuse itself from discovery. Thus, Ringer files this motion to compel.

_____
Christopher L. Barnes

## CERTIFICATE OF SERVICE

I certify that on June 15, 2011, a true and correct copy of Defendant G. David Ringer's Motion to Compel Discovery and Brief in Support was forwarded by email and U.S. First Class Mail to Stephen B. Badger and by U.S. First Class Mail to the persons listed on the attached service list.

_____
Christopher L. Barnes

## SERVICE LIST

Trustee:
Robert Yaquinto Jr.
509 N. Montclair
Dallas, Tx. 75208-5450

Attorney General of Texas
Bankruptcy Division
PO Box 12548
Austin, Tx. 78711-2548

Texas Comptroller of Public
Accounts
Revenue Accounting Div – Bky.
Section
PO Box 13528

Higher Education Student
Assistance Auth
PO Box 548
Trenton, NJ 08625-0548

Internal Revenue Service
Centralized Insolvency
Operations
PO Box 7346
Philadelphia, PA 19101-7346

Round Point Mortgage
PO Box 19409
Charlotte, NC 28219-9404

U.S. Trustees Office
1100 Commerce Street, Room 976
Dallas, Tx. 75242-0996
Discover Card

Debtor:
Mary C. Ringer
9522 Moss Haven
Dallas, Tx. 75231-2608

U.S. Bankruptcy Court
1100 Commerce St., Room 1254
Dallas, Tx. 75242-1305

Charles R. Billings
Attorney-at-law
14901 Quorum Dr., Suite 740
Dallas, Tx. 75254-7524

Discovery Financial Services LLC
PO Box 3025
New Albany, OH 43054-3025

Internal Revenue Service
Attn: Vickie Fortson
4050 Alpha Rd., Room 185
MC 5120
Dallas, Tx. 75244-9440

Internal Revenue Service
PO Box 21126
Philadelphia, PA 19114

U.S. Trustee
1100 Commerce St., Room 976
Dallas, Tx. 75242-1011

Debtor's Attorney
Joyce W. Lindauer
Joyce W. Lindauer, Attorney at Law
8140 Walnut Hill Lane, Suite 301
Dallas, Tx. 75231

Bobby D. Associates
c/o Heather H. Jobe
c/o Bell Nunnally & Martin, LLP
3232 McKinney Ave., Suite 1400
Dallas, Tx. 75204-2429

City of Dallas
1600 Marilla, 2Ds
Dallas, Tx. 75201-9990

Frost National Bank
PO Box 34756
San Antonio, Tx. 78265-4746

Internal Revenue Service
Mail Code DAL-5020
1100 Commerce St.
Dallas, Tx. 75242-1001

Richardson I.S.D.
c/o Perdue, Brandon, Fielder, et al
PO Box 13430
Arlington, Tx. 76094-0430

US Attorney
Main & Justice Bldg.
10th & Pennsylvania NW
Washington, DC 20530-0001

Comptroller of Public Accounts
Rev Act. Div. – Bankruptcy Sec
PO Box 13528
Austin, Tx. 78711