Steven J. Badger
Texas Bar No. 01499050
sbadger@zelle.com
ZELLE HOFMANN VOELBEL & MASON LLP
901 Main Street, Suite 4000
Dallas, Texas 75202-3975
214-742-3000
214-760-8994 fax
Counsel for Plaintiff,
Solar Soccer Club

and

Michael F. Pezzulli
Texas Bar No. 15881900
Michael@courtroom.com
Pezzulli Barnes, LLP
17300 Preston Road, Suite 220
Dallas, Texas 75252
972.713.1300
972.713.1333 fax
Counsel for Defendant,
George D. Ringer

ORIGINAL

FILED
JUN 28 2011
TAWANA C. MARSHALL, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| GEORGE D. RINGER AND<br>MARY C. RINGER | § § § § | CASE NO. 10-38013 |
| Debtors. | § | (CHAPTER 7) |

| | | |
|---|---|---|
| SOLAR SOCCER CLUB, | § § | |
| Plaintiff, | § § | |
| v. | § § | ADV. NO. 11-3072 |
| GEORGE D. RINGER | § § § | |
| Defendant. | § § | |

Joint Pretrial Order                                                                                           Page 1

## **JOINT PRETRIAL ORDER**

Under this Court's February 14, 2011 Order Regarding Adversary Proceedings, Trial Setting, and Alternative Scheduling Order, L.B.R. 7016-1, and Local Rule 16.4, Plaintiff Solar Soccer Club and Defendant George D. Ringer submit this proposed Joint Pretrial Order.

### **Solar's Preliminary Statement**

Solar objects to the filing of this Joint Pretrial Order and seeks the Court's immediate assistance in bringing an end to Ringer's ongoing gamesmanship.

On March 28, 2011, Solar and Ringer filed their Agreed First Motion to Continue Trial Setting and Proposed Scheduling Order. This Agreed First Motion extended all established deadlines, including the deadline to file this Joint Pretrial Order. The Agreed First Motion also required the parties, a Chapter 7 debtor and non-profit youth soccer club, to meet and discuss the prompt resolution of this matter prior to the expenditure of significant attorneys fees and other litigation expenses. Thereafter, on June 3, 2011, the parties received the Clerk's correspondence requesting that an order be submitted for the Agreed First Motion

Solar sought to proceed consistent with the Agreed First Motion, including attempting to obtain Ringer's agreement to an order to be submitted to the Court. Despite his agreement to the Agreed First Motion, Ringer failed to respond to Solar's efforts to reach agreement on an order or to meet and discuss possible resolution of the matter. Instead, Ringer proceeded as though the Agreed First Motion had never been filed, issuing extensive discovery and submitting other pre-trial filings.

Also during this time, on June 7, 2011, the Grand Jury of Dallas County returned a first-degree felony criminal indictment against Ringer charging him with (i) F11-00284; Misappropriation of Fiduciary Property over $200,000; and (ii) F11-00285; Theft Aggregate

**Joint Pretrial Order**                                                                                      **Page 2**

over $200,000. This indictment involves the same funds and issues in dispute in this action— that Ringer stole hundreds of thousands of dollars belonging to a youth soccer club.

Faced with Ringer's refusal to abide the Agreed First Motion and uncertainty in how this action should proceed in light of Ringer's felony criminal indictment, on June 13, 2011, Solar filed Plaintiff's Motion to Stay seeking a stay on all litigation activity and a conference with the Court. The Court has set the Motion to Stay for hearing at 10:00am on Monday, July 18, 2010.

Solar is proceeding consistent with the Agreed First Motion and pending Motion to Stay currently set for hearing on July 18, 2011. Until these pending motions are resolved and the Court provides direction to the parties as to how this matter should proceed, Solar refuses to engage in the gamesmanship being exhibited by Ringer at this time. Solar respectfully requests that the Court confirm that all pending deadlines are extended and order that Ringer cease from any further filings or litigation activity until the parties receive further direction from the Court at the conference scheduled for July 18, 2011.

## I. Summary of Claims & Defenses

### A.   Solar Soccer Club's Summary

[Solar will respond as directed by the Court at the July 18, 2011, hearing]

### B.   D. George Ringer's Summary

George Ringer served as the Solar Soccer Club's President between 1996 and May 2003, when he assumed the role of Past-President and Chairman of the Board, along with other offices. Also, Ringer and his law firm David Ringer, P.C. provided legal services to the Club in the *Prince of Peace* ligation and in other legal matters. Ringer not only properly fulfilled his duties with the Club, but the Club also prospered in terms of the growth in the number of member

teams and revenues. The Club compensated Ringer for his work and legal representation. The Club's books and records reflected the Club's payments to Ringer as well as to other insiders and affiliates—as did the Club's federal income-tax returns and Form 990s, which Kathy Hazard, CPA, prepared for several years. The Club's Board of Directors and officers had access to these records and tax returns and reviewed them, or should have reviewed them.

Mark Scholten served as the Club's CEO and President between 2003 and 2010 and apparently remains the President today. Scholten regularly worked and communicated with Ringer about Solar Soccer's business, operations, and legal matters. Scholten participated in the Club's key decisions, including decisions in setting membership fees, budgeting, financial affairs, lawsuits or claims, the Club's business cycle and borrowing needs, borrowing money, and finding and negotiating for a new training facility. Scholten and his family, or their interests, also loaned considerable sums to Solar Soccer. Scholten had actual or constructive knowledge of these matters and of the Club's payments to Ringer and his law firm.

As to his defenses, Ringer contends that the statutes of limitation bar Solar Soccer Club's claims, including its claims that Ringer misappropriated funds, committed fraud, breached a fiduciary duty, or committed another defalcation. Also, the Club not only prospered during Ringer's tenure, but the Club also accepted the benefit of his and his law firm's executive, administrative, legal, and other services and it would be unjust to permit it to retain these benefits without fairly compensating Ringer. Thus, the doctrine of waiver, estoppel, ratification, or quasi-estoppel bar all of the Club's claims. Moreover, Ringer is not liable for the acts he took as a director under article 10 of the Club's Articles of Incorporation. He is also entitled to reimbursement or indemnification for attorney's fees and costs here under sections 8.051–8.052 of the Texas Business Organizations Code and article 11 of the Club's Articles of Incorporation.

**Joint Pretrial Order** **Page 4**

## II. Stipulated Facts

**A. Stipulations Proposed by Solar Soccer**

[Solar will respond as directed by the Court at the July 18, 2011, hearing]

**B. Stipulations Proposed by Ringer**

1. Solar Soccer Club is a non-profit organization, which provides soccer training, education, and leadership to club members and provides scholarships to deserving young people to learn to play and officiate soccer.

2. Between 1996 and May 2003, David Ringer was the President of Solar Soccer.

3. In May 2003, David Ringer assumed the role of Past-President and Chairman of the Board, along with other offices.

4. Between May 2003 and the present, Mark Scholten has served as Solar Soccer's President.

5. For each year between 2000 and the present, Kathy Hazard, CPA, has prepared Solar Soccer's Form 990s (Return of Organization Exempt from Income Tax). Among other things, these returns show the Club's (a) salaries, other compensation, and employee benefits paid, (b) benefits paid to or for members, (c) total assets, and (d) total liabilities.

6. Solar Soccer Club's tax returns and Form 990s, with their supporting schedules, were available to Solar Soccer's Board of Directors and officers.

### III. List of Contested Issues of Fact

**A.  Solar Soccer's Contested Fact Issues**

[Solar will respond as directed by the Court at the July 18, 2011, hearing]

**B.  Ringer's List of Contested Fact Issues**

0.  If the Solar Soccer Club rejects any of Ringer's proposed stipulations, then Ringer would include them as a contested fact issue.

1.  Whether Ringer performed valuable executive, administrative, and other services for the Solar Soccer Club in exchange for his compensation.

2.  Whether Ringer and his law firm, G. David Ringer, P.C., performed valuable legal and other services for the Solar Soccer Club in exchange for proper compensation.

3.  Whether the Solar Soccer Club signed more teams as members and raised more revenues during Ringer's tenure with the Club and, of so, what are the extent of these gains and benefits.

4.  Whether the Solar Soccer Club received and accepted the benefits of Ringer's executive, administrative, and other services.

5.  Whether the Solar Soccer Club accepted the benefits of Ringer's and G. David Ringer, P.C.'s legal services in the *Prince of Peace* litigation and in other legal matters.

6.  Whether Ringer misappropriated or otherwise improperly obtained $800,000 from the Solar Soccer Club in violation of 11 U.S.C. § 523(a)(2), § 523(a)(4), or § 523(a)(6).

**Joint Pretrial Order**

7. Whether Solar Soccer Club's books, records, and income-tax returns and Form 990s reported all payments to Ringer and other officers and employees.

8. Whether Solar Soccer Club's Board of Directors and officers reviewed the Club's books, records, and income-tax returns and Form 990s.

9. Whether Ringer failed to keep, or destroyed, any records, made a false oath, or failed to explain the loss of $500,000 in assets, in violation of 11 U.S.C. § 727(a)(2)(A), § 727(a)(3), § 727(a)(4), or § 727(a)(5).

10. Whether, during his presidency, Mark Scholten participated in Solar Soccer's key decisions in including decisions in setting membership fees, budgeting, financial affairs, lawsuits or claims, the Club's business cycle and borrowing needs, borrowing money, and finding and negotiating for a new training facility.

11. Whether Scholten and his family, or their interests, also loaned considerable sums to Solar Soccer.

12. Whether Scholten had actual or constructive knowledge of these matters and of the Club's payments to Ringer and his law firm.

13. Whether the Board of Directors participated in Solar Soccer's key decisions in including decisions in setting membership fees, budgeting, financial affairs, lawsuits or claims, the Club's business cycle and borrowing needs, borrowing money, and finding and negotiating for a new training facility.

14. Whether the Board of Directors had actual or constructive knowledge of these matters and of the Club's payments to Ringer and his law firm.

15. Whether the Solar Soccer Club it would be just or fair for the Solar Soccer Club to retain the benefits of Ringer's and his law firm's services without compensating them.

Joint Pretrial Order                                                                                           Page 7

16. Whether David Ringer acted in his capacity as a director for the Club within the meaning of article 10 of the Club's Articles of Incorporation.

17. Whether the Club owes David Ringer for his attorney's fees and costs incurred here and, if so, in what amount.

### IV. List of Contested Issues of Law

**A.  Solar Soccer's Contested Legal Issues**

[Solar will respond as directed by the Court at the July 18, 2011, hearing]

**B.  Ringer's List of Contested Legal Issues**

1. Whether the doctrines of waiver, ratification, estoppel, or quasi-estoppel bar the Solar Soccer Club's claims against David Ringer.

2. Whether Ringer is not liable for the acts taken in his capacity as a director under article 10 of the Club's Articles of Incorporation.

3. Whether Ringer is entitled to reimbursement or indemnification under sections 8.051–8.052 of the Business Organizations Act.

4. Whether Ringer is entitled to reimbursement or indemnification under article 11 of the Club's Articles of Incorporation.

5. Whether Ringer is entitled to any other relief in law or equity.

### V. Estimates as to a Trial's Length

**A.  Ringer's Estimate**

David Ringer did agree with the Solar Soccer Club to continue this case and extend the scheduling order. The parties submitted a proposed agreed order to the Court. But the Court has

not signed the order or issued a new scheduling order. Thus, Ringer has tried to proceed with discovery and litigation. He served a witness and exhibit list. Solar Soccer Club has not.

In light of Solar Soccer Club's refusal to participate in significant portions of discovery and its failure to serve a witness or exhibit list, Ringer contends that the Court should not permit Solar Soccer to present witnesses or exhibits in a trial. Ringer estimates that he can finish trial in one to two business days.

**B.  Solar Soccer Club's Estimate**

[Solar will respond as directed by the Court at the July 18, 2011, hearing]

## VI. Other Matters

**A.  Solar Soccer's Other Matters**

[Solar will respond as directed by the Court at the July 18, 2011, hearing]

**B.  Ringer's Other Matters**

1.  Ringer would ask the Court to permit him to file a motion for judgment as a matter of law. In light of Solar Soccer's litigation tactics, the Court should not permit the Club to call witnesses or present exhibits at a trial.

2.  In the event that the Court does not call the case to trial on the current setting, then Ringer has a motion to compel discovery, which the Court has set for hearing on July 18, 2011.

Dated: June 28, 2011

> HONORABLE BARBARA J. HOUSER
> UNITED STATES BANKRUPTCY COURT
> NORTHERN DISTRICT OF TEXAS
>
> **ZELLE HOFMANN VOELBEL & MASON LLP**
>
> /s/ Steven J. Badger
> Steven J. Badger
> State Bar No. 01499050
> 901 Main Street, Suite 4000
> Dallas, Texas 75202-3975
> Telephone:   214-742-3000
> Facsimile:   214-760-8994
>
> **ATTORNEYS FOR PLAINTIFF**
> **SOLAR SOCCER CLUB**
>
> and
>
> /s/ Michael F. Pezzulli
> MICHAEL F. PEZZULLI
> State Bar No. 15881900
> CHRISTOPHER L. BARNES
> State Bar No. 00792175
> 17300 Preston Road, Suite 220
> Dallas, Texas 75252
> (972) 713-1300
> (972) 713-1333 fax
>
> **ATTORNEYS FOR DEFENDANT**
> **GEORGE DAVID RINGER**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 27, 2011, a true and correct copy of the foregoing pleading was forwarded by first class mail to the persons listed on the attached service list (Exhibit A).

/s/ Michael F. Pezzulli

Trustee:
Robert Yaquinto Jr.
509 N. Montclair
Dallas, Tx. 75208-5450

Attorney General of Texas
Bankruptcy Division
PO Box 12548
Austin, Tx. 78711-2548

Texas Comptroller of Public Accounts
Revenue Accounting Div – Bky. Section
PO Box 13528
Austin, Tx. 78711-3528

Higher Education Student Assistance Auth
PO Box 548
Trenton, NJ 08625-0548

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

Round Point Mortgage
PO Box 19409
Charlotte, NC 28219-9404

U.S. Trustees Office
1100 Commerce Street, Room 976
Dallas, Tx. 75242-0996
Discover Card
PO Box 15192
Wilmington, DE 19850-5192

Debtor:
Mary C. Ringer
9522 Moss Haven
Dallas, Tx. 75231-2608

U.S. Bankruptcy Court
1100 Commerce St., Room 1254
Dallas, Tx. 75242-1305

Charles R. Billings
Attorney-at-law
14901 Quorum Dr., Suite 740
Dallas, Tx. 75254-7524

Discovery Financial Services LLC
PO Box 3025
New Albany, OH 43054-3025

Internal Revenue Service
Attn: Vickie Fortson
4050 Alpha Rd., Room 185
MC 5120
Dallas, Tx. 75244-9440

Internal Revenue Service
PO Box 21126
Philadelphia, PA 19114

U.S. Trustee
1100 Commerce St., Room 976
Dallas, Tx. 75242-1011

Debtor's Attorney
Joyce W. Lindauer
Joyce W. Lindauer, Attorney at Law
8140 Walnut Hill Lane, Suite 301
Dallas, Tx. 75231

Bobby D. Associates
c/o Heather H. Jobe
c/o Bell Nunnally & Martin, LLP
3232 McKinney Ave., Suite 1400
Dallas, Tx. 75204-2429

City of Dallas
1600 Marilla, 2Ds
Dallas, Tx. 75201-9990

Frost National Bank
PO Box 34756
San Antonio, Tx. 78265-4746

Internal Revenue Service
Mail Code DAL-5020
1100 Commerce St.
Dallas, Tx. 75242-1001

Richardson I.S.D.
c/o Perdue, Brandon, Fielder, et al
PO Box 13430
Arlington, Tx. 76094-0430

US Attorney
Main & Justice Bldg.
10th & Pennsylvania NW
Washington, DC 20530-0001

Comptroller of Public Accounts
Rev Act. Div. – Bankruptcy Sec
PO Box 13528
Austin, Tx. 78711

**Joint Pretrial Order**

Page 12